### 7450

### BURRIS v. AUSTIN.

1. REGISTER—DAMAGES.—CONTRIBUTORY NEGLIGENCE on the part of the mortgagee after delivery of a chattel mortgage to the register, will estop the mortgagee from claiming damages resulting from failure of register to properly record the mortgage if such negligence was the direct and proximate cause of the failure to properly record.

2. PRINCIPAL AND AGENT—ISSUE.—Under the evidence here it was error to assume the party presenting the mortgage for record was the agent of the mortgagee, and that issue should have been sent to the jury.

Before C. C. FEATHERSTONE, Special J., Greenville. Reversed.

Action by R. A. Burris against Willis V. Austin and the United States Fidelity and Guaranty Co. From judgment for plaintiff, defendants appeal.

*Messrs. Martin & Martin, Haynsworth, Patterson & Blythe,* for appellant. *Messrs. Haynsworth, Patterson & Blythe,* cite: *Mortgage having been indexed as plaintiff requested, he cannot complain:* 23 Ency., 379. McChem on Public Officers, secs. 680, 705; 95 Am. Dec., 175. *Measure of damages:* 30 S. C., 342.

*Mr. Wilton H. Earle,* contra, cites: *It is unnecessary for plaintiff to show negligence in register:* Code, 1902, 950; 83 S. C., 537, 557. *Defense of contributory negligence is not applicable in this case:* McChem on Pub. Of., secs., 734, 736; 90 Am., Dec., 730; 11 Wall, 138; 72 N. C., 110; 46 Am. Dec., 509; 95 Am. St. R., 85; 27 S. C., 134. *Evidence of present value:* Wig. on Ev., sec. 463; 4 Sand. Ch., 744.

February 23, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages upon the official bond of the defendant, W. V. Austin, formerly register of mesne conveyances for Greenville county, and the defendant, the United States Fidelity and Guaranty company, as surety on said bond, for alleged negligence on the part of said register in failing to record a chattel mortgage for a larger sum than one hundred dollars in the manner provided by law.

The defendants denied the allegations of the complaint, and set up the defense of contributory negligence.

On the 15th of July, 1904, C. L. Burris sold to Erwin & Ballard a bowling alley outfit for two hundred and ten dollars, and to secure the payment of this sum they executed eight notes, each for the sum of $26.25, and a mortgage on said bowling alley.

C. L. Burris shortly thereafter carried the mortgage to the said register, who instead of recording the mortgage as is required by law, where the amount secured is not more than one hundred dollars, indexed it for $26.25, the amount of one of said notes. The following indorsement appears upon the mortgage:

"For value received I hereby transfer the within note and mortgage to R. A. Burris, withour recourse on me, this January 23, 1905.                    C. L. BURRIS.

In presence of J. A. Comer."

5—85

At the close of the testimony, on motion of the plaintiff's
attorneys, his Honor, the presiding Judge, directed the fore-
man of the jury to come forward and sign a verdict in favor
of the plaintiff for one hundred and eighty-three dollars;
and, from the judgment entered thereon, the defendant
appealed.

The pivotal question in the case is, whether there was
error on the part of his Honor, the presiding Judge,
in directing a verdict on the ground that contributory
negligence does not constitute a defense in this action.

The rule is thus stated in 23 A. & E. Enc. of Law, 379:
"It has been said that if the result complained of would have
followed, notwithstanding their (public officer's) miscon-
duct, or if the injured party himself contributed to the result
in any degree, by his own fault or neglect, they can not be
held responsible." (Of course, it would be necessary for
the act of the injured party to contribute to the result as a
*proximate* cause of the injury.)

In the case of *Lick* v. *Madden* (Cal.), 95 Am. Rep., 195,
it was held that a clerk of court is bound to issue writs of
attachment, in the order in which they are demanded; but if
the party who makes the prior demand is not in attendance
to receive his writ when ready, the clerk is not bound to
delay the issuing of other writs against the same party,
which may have been demanded in the meantime.

The reason assigned by the Court in that case is as fol-
lows: "That public officers should be held to a faithful per-
formance of their official duties, and made to answer in
damages to all persons who may have been injured through
their malfeasance, omission, or neglect, to which the persons
injured have in no respect contributed, cannot be denied,
But it is equally true, that if the result complained of would
have followed, notwithstanding their misconduct, or if the
injured party himself contributed to the result in any
degree by his own fault or neglect, they cannot be held
responsible. If the position of the injured party would have

been just the same, had not the alleged misconduct occurred, he has no legal ground of complaint; and if his own conduct, or the conduct of his attorney, contributed to the result, he is *in pari delicto,* and the law leaves him where it finds him."

In the case of *Sternberger* v. *McCown,* 14 S. C., 35, the Court had under consideration the statute relative to the recording of agricultural liens; and, after ruling that it was necessary, for the lien to be indexed, and that it should remain in the office of the register after it was filed, held, further, that the lienee, who removed the instrument of writing from said office, even with the consent of the register, was estopped from claiming, that there was not a compliance with the requirement of the statute relative to the recording of such liens. Applying this principle to the case under consideration, we fail to see why a negligent act on the part of the mortgagee, after delivery of the mortgage to the register, would not estop the mortgagee from recovering damages, if such negligence was the direct and proximate cause of the failure on the part of the register to record the mortgage in the manner required by law.

The testimony of the plaintiff and that of the defendants was conflicting, but the testimony of the defendants tends to show that the action of the presiding Judge was prejudicial to their rights.

We will not, however, undertake to discuss the testimony to show this fact, as it will be necessary to remand the case for a new trial.

There is one other matter about which the Court deems it necessary to say a few words. The plaintiff's attorney has argued the question presented by the exceptions, as if C. E. Burris was the agent of the plaintiff, when he delivered the mortgage to the register. The mortgage showed upon its face, that C. L. Burris was the mortgagee, and the record is to the effect that the assignment was not made by C. L. Burris to R. L. Burris until the 23d of January, 1905. Furthermore, the defendant, Austin,

testifies that he did not know C. L. Burris sustained any other relation to the transaction than that of mortgagee; thus showing that it could not be assumed that such agency existed, and therefore, that testimony as to this fact should, at least, have been submitted to the jury.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.