## HOBART MFG CO v. KLOSTERMAN

Ohio Appeals, 1st Dist, Hamilton Co

Decided Jan 24, 1938

Nieberding & Nieberding, Cincinnati, for appellee.

Freiberg & Evans, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton county reversing a judgment in favor of the defendant rendered by the Municipal Court of Cincinnati.

The action is in replevin. The plaintiff, appellee, based its title and right of possession upon a conditional sales contract. The defendant, appellant, claimed title and right of possession as a bona fide purchaser for value without notice from the conditional-sale vendee.

This controversy has resulted from an improper indexing of the conditional sales contract by the county recorder.

It appears from the bill of exceptions that the plaintiff sold certain chattels to one Florence F. Marechal, who agreed to pay the purchase price in installments. Her husband and agent signed her name to a conditional sales contract in this manner: "Florence F. Marechal by Robert E. Marechal."

The plaintiff had a proper affidavit of the amount of the claim endorsed on the contract and then caused it to be filed with the county recorder. We quote from the bill of exceptions as to the other endorsement: "That on the back of said conditional sales contract so filed or deposited with said recorder, as aforesaid, appeared the following typewriting endorsement 'Mrs. Thomas Marechal to Hobart Mfg. Co.'"

Upon receipt of the conditional sales contract, so endorsed, the recorder indexed it "in the name of Mrs. Thomas Marechal."

The evidence does not show what person actually made the endorsement, but it does appear that it was not done by the recorder or any of his deputies.

Before purchasing this property from the conditional vendee, the defendant searched the indexes for conditional sales contracts under the name of Florence F. Marechal and Robert E. Marechal, and found some, but as this one was not indexed there it was not discovered. No search was made under the name of Mrs. Thomas Marechal.

As the plaintiff delivered this conditional sales contract to the county recorder with the endorsement: "Mrs. Thomas Marechal to Hobart Mfg. Co." upon it, the plaintiff must be charged with all the legal consequences as though the evidence affirmative-ly showed that the endorsement had been made by its duly authorized agent. By delivering the contract so endorsed, it adopted the endorsement as its act and if the recorder was misled thereby to index the document under the wrong name, it must suffer the legal consequences resulting therefrom.

While no witness testified that there was an intention to mislead, it is manifest that the endorsement was made to advise all persons handling the document of the names of the vendor and vendee, without the labor of reading the body of the instrument. It could have had no other purpose. It is clear also that the recorder was misled. Mrs. Thomas Marechal had no connection with this transaction, and the name appeared at no other place in or on the document. This endorsement together with the endorsed affidavit gave the recorder all the information needed for indexing, if it had correctly stated the facts. The recorder could have obtained this erroneous statement from no other source.

That the failure of the recorder to index, or to properly index a document, does not destroy the constructive notice arising from the proper filing of the document has been decided. **Green v Garington, 16 Oh St 548.** Nothing else appearing than the failure of the recorder to properly index, the purchaser takes subject to the lien or title, notwithstanding he had no actual notice thereof. However, by virtue of §2781 GC, the recorder and the surety upon his bond would be liable to him for the resulting damage.

But this action is not by a purchaser to recover against the recorder. The action is by the conditional vendor to recover against an innocent purchaser from its conditional vendee. The question is, whether such a vendor, who has delivered a contract to the recorder with the endorsement upon it of an erroneous name of the vendee, can recover against such innocent purchaser, when the recorder is thereby caused to fall into the same error and index the document under that name and not under the name of the actual vendee, by reason of which the purchaser from the conditional vendee is prevented from discovering the filed document.

We have found no case identical in its facts with this case. We have found cases holding that the vendor or mortgagor could not recover against the recorder under similar circumstances where damage resulted to him because the recorder fol-

lowed the endorsement made by the vendor or mortgagor.

In Burris v Austin, 20 American & English Ann. Cases, 1308 (85 S. Car. 60; 67 S. E. 17) the court held as stated in the syllabus that:

"In an action on the official bond of a former register of mesne conveyances, for negligence in failing to record an original chattel mortgage for a larger sum than $100, in the manner required by law, where it appears that a negligent act of the mortgagee, after delivery of the mortgage to the register, was the direct and proximate cause of the failure of the register to record the mortgage in the manner required, the mortgagee is estopped to recover damages."

The negligence consisted in a misleading endorsement on the mortgage. In an annotation, cases are collected sustaining the principal case.

See also: Inashima v Wardall, 128 Wash. 617.

These cases are all cases against the recording officer, but we see no reason for applying the doctrine of estoppel against a mortgage in favor of such officer and refusing to apply it when the mortgagee, or conditional vendor, seeks to enforce his title against an innocent purchaser. The conditional vendor knew, or in the exercise of reasonable care, should have known that the recorder would or might be misled into improperly indexing the document, and that the public would rely upon the index. Every element of estoppel seems to be present. That the same principle does apply to this set of facts is stated in In Re Allee, 55 Fed. (2d.) 76, although the statement was not absolutely necessary to the decision of the case. The court said:

"While it is no doubt true that the appellant's negligence contributed to the negligence of the recording officers with respect to the indexing, and this fact might constitute a most excellent basis for a recovery by one who had been misled thereby to his injury, such recovery, however, would not be on the theory that the mortgage is invalid, but on the theory that the mortgagee, by reason of a negligent act, is precluded from enjoying the fruits of that mortgage. In other words, such recovery would be by virtue of estoppel.

"In the instant case, however, no creditor is so situated, nor is any claim of that kind herein made. If any creditor were thus situated it would be the duty of the trustee to protect him."

We are of the opinion that the trial court could reasonably conclude from the evidence that the plaintiff's conduct contributed to the improper indexing of this conditional sales contract, and that it was thereby estopped to assert its title against an innocent purchaser for value without notice, who had relied upon such index.

For these reasons, the judgment of the Common Pleas Court is reversed, and that of the Municipal Court of Cincinnati affirmed.

ROSS, PJ, concurs.

HAMILTON, J (dissenting)

The appelle herein did all that was required of it under §8568 GC.

Sec 8569 GC, provides that: "The officer receiving such an instrument (in this case the recorder) shall proceed with it as provided in §8562 GC, etc."

Sec 8562 GC, provides: "The officer receiving such an instrument shall indorse thereon the time of receiving it and its consecutive number, and enter in a book to be provided by the county the names of all parties thereto, alphabetically arranged * * * under the name of every party thereto."

The recorder failed to comply with the statutes, but indexed the instrument under the name of "Mrs. Thomas Marechal" which name appeared only on the back of the instrument. The name of the party in the instrument was Florence Marechal.

If it is only necessary to examine the record by index to discover a lien or property ownership, then the blame for the failure of the appellant to discover the ownership is on the recorder who failed to discharge his duties under the law. His failure should not cause the owner to lose his property and ownership of the property which is the subject of this law suit.